UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WEIMIN SHEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-CV-626-SNLJ |
| ) | |
| AUTOMOBILE CLUB OF MISSOURI, ) | |
| INC., and WILLIAM WOLFF, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff Weimin Shen brought this *pro se* employment discrimination lawsuit against her former employer, defendant Automobile Club of Missouri, Inc., and William Wolff, under Title VII of the Civil Rights Act of 1964.  42 U.S.C.  § 2000e, et seq.  This matter is before the Court on defendants' motion to dismiss [#17].  Plaintiff filed a memorandum in response, defendant filed a reply, and plaintiff filed a surreply.  Plaintiff has also moved for an extension of time in which to file an audio recording [#25].

**I.     Factual Background**

For the purposes of this motion to dismiss, the facts alleged in the complaint are presumed true.  In March 2010, plaintiff began working for the defendant, apparently in the IT department.  She alleges she was promised certain raises and promotions in order to make her pay commensurate with a male employee, but she says she never received pay on par with that of her male coworkers.  She says she complained to defendant's human resources department and others about the discrepancy beginning in 2011.

Plaintiff further alleges that, despite her excellent work and reputation, she received complaints from management about her performance even though similarly-situated male employees with higher salaries were not reprimanded. She also states that defendant Wolff falsely accused her of not working for several hours in an attempt to force her to quit. In addition, she was given arbitrary deadlines and other requirements that were not required of similarly situated men. She alleges she was terminated on February 8, 2018 due to a fabricated performance issue. She received no raises or bonuses from 2016 until her termination in 2018.

Plaintiff filed her charge of discrimination with the EEOC on July 6, 2018. She named ACMO as the respondent. The EEOC issued its right to sue letter to plaintiff on February 10, 2020. Plaintiff filed this complaint against ACMO and William Wolff on May 8, 2020.

Defendants have moved to dismiss the complaint in its entirety, or, in the alternative, for a more definite statement.

## II.     Motion to Dismiss

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). In addressing a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to

the plaintiff. *United States ex rel. Ambrosecchia v. Paddock Laboratories, LLC*., 855 F.3d 949, 954 (8th Cir. 2017). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the prior "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 555. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." *Id.* at 555. However, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Cole v. Homier Distributing Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Plaintiff appears to bring claims for sex discrimination in that she earned less money than similarly situated male coworkers. She also appears to bring a claim for retaliation in that she alleges she was treated differently after she complained about her salary being lower than the salaries of male coworkers.

### A.  Defendant William Wolff

First, defendants argue that defendant Wolff should be dismissed because he is not an employer under Title VII. Title VII makes it an "unlawful employment practice for an employer" to discriminate with respect to compensation, terms, conditions, or privileges of employment. 42 U.S.C. § 2000e-2. Individuals who are not plaintiff's employer are

3

not covered by Title VII and cannot be liable under it. *Schoffstall v. Henderson*, 223 F.3d 818, 821 n. 2 (8th Cir. 2000). Defendant Wolff will thus be dismissed.

### B.     Defendant ACOM

Defendant ACOM argues that plaintiff's claims against it are untimely, vague, conclusory, and are otherwise insufficient to make plausible her claim of sex discrimination and retaliation under Title VII.

Title VII requires that plaintiff file a charge of discrimination with the EEOC within 300 days of the discriminatory or retaliative act. 42 U.S.C. § 2000e–5(e); *Tademe v. Saint Cloud State Univ.*, 328 F.3d 982, 987 (8th Cir. 2003). "Under the continuing violation doctrine, a plaintiff may challenge incidents which occurred outside the statute of limitations period if the various acts of discrimination constitute a continuing pattern of discrimination." *Id.* (internal quotation and alterations omitted). "However, discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id.* (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)) (internal quotations and alterations omitted).

Here, plaintiff filed her EEOC charge on July 6, 2018, thus any acts after September 8, 2017 were within the 300-day limitations period. Plaintiff makes numerous allegations that end outside of her 300-day window. The first 11 paragraphs of her complaint narrative thus appear to be time-barred as discrete acts. Retaliation, pay, and disparate discipline claims occurring in that pre-September 8, 2017 time frame are

4

discrete acts deemed to occur on the day they happened.  *See Mems v. City of St. Paul, Dep't of Fire & Safety Servs*., 327 F.3d 771, 785 (8th Cir. 2003).

Defendant argues that the remaining events, beginning at paragraph 12 of plaintiff's complaint narrative, are not specific enough to describe a plausible claim of gender discrimination.  Defendant characterizes the allegations as "conclusory statements dressed as facts."

Looking to plaintiff's complaint, she refers obliquely to complaints she made to supervisors about the "discrimination and retaliation" she had been facing from her manager, apparently referring to "bizarre and stringent requirements" like hour-long deadlines and informing management when she completed tasks.  The allegations she lists after September 8, 2017 are as follows:

> On 09/14/2017, I was threatened by Bill Wolff twice. I attempted to tell my collogues [*sic*] about the discrimination and retaliation I had been facing from my manager and team lead, coerced by Bill. He told me it would be worse for me if I shared my experience with others.
>
> On 09 /18/2017, I was reassigned to a cubical surrounded by people working on a new project. There was a lot of talking, discussing all day long, and video projecting which made this area very distracting.
>
> On 10 /12/2017, I approached Chris Miller, the new HR director, about the discrimination and retaliation I was facing from Bill Wolff. He responded that HR were not going to investigate.
>
> On 11/16/2017, I was issued a final warning. The next day was IS Town Hall meeting attended by employees in CA, MO, and TX. Bill said he gave me two days to stay at home. I was perplexed and went to work and attended Town Hall Meeting. He himself was absent.

5

> On 01/16/2018, I was working hard. But Bernie said I had a performance issue. After I emailed him what I achieved on that day, he said you only worked on that day.
>
> On 01/17/2018, I was working on a defect. I quickly identified the issue and consulted two coworkers responsible for the functions in CA. They said they had not touched the code for ages and concurred that the behavior was unexplainable. So I approached Dixit to see how to resolve the issue so that I could continue working. Dixit dismissed my problem without any suggestion of how to resolve the issue. But later on Bernie said I was not doing my work thus have performance issue.
>
> On 01/22/2018, M Penmetch was added comments which contradicted my test result for the same defect I was working on 01/17/2018.
>
> On 02/06/2017, I was not allowed to create new prospects for purchasing home/car insurance, an essential capability for the work I was assigned that day. Dan (our tech lead) however was allowed to do so and helped me to create new prospects.
>
> On 02/07/2018, Dan raised questions as to why I had not been able to work effectively. I pointed out that the environment was not responding properly, and that I suspected someone was manipulating it to prevent me from working. I also stated that Dixit seemed to be set on not resolving this issue.
>
> On 02/08/2018, I was terminated due to the non-existing performance issues. When I was saying Good bye to my coworkers of 8 years and expressing my appreciation of their support even at the most difficult time Bernie Kertz called police upon Bill's order. HR was not present Later on I contacted HR to verify whether I was truly terminated. The answer was yes.
>
> In IT no females are promoted/hired into management level position.

[#1-1 at 2-3.]

Because plaintiff appears to bring both sex discrimination and retaliation claims, the Court discusses each in turn.

To prevail on a sex discrimination claim under Title VII, plaintiff must prove she (1) is a member of a protected class; (2) was qualified to perform her job; (3) suffered an

6

adverse employment action; and (4) was treated differently that similarly-situated persons of the opposite sex. *Schoffstall v. Henderson*, 223 F.3d 818, 825 (8th Cir. 2000). This Court is also mindful that plaintiff's "*pro se* complaint should be given liberal construction." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). That means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Id.* Plaintiff must still provide the "who, what, why, where, when and how" of the alleged violations. *See Lockhart v. Missouri*, 4:19-CV-3136-PLC-HEA, 2020 WL 569914, at *2 (E.D. Mo. Feb. 5, 2020).

      Plaintiff's response in opposition, as defendant notes, is 41 pages long and attaches hundreds of pages of exhibits. Plaintiff states that the "exhibits presented here provide sufficient evidence to prove" her claims, but plaintiff's facts alleged in her response brief do not replace her complaint or make up for its deficiencies. Plaintiff's complaint must simply contain "a short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). She must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This Court agrees that plaintiff's timely allegations do not provide the "who, what, why, where, when and how" of defendant's alleged violations. Plaintiff sets forth a litany of what she perceived as unfair treatment after September 8, 2017, but the vignettes she offers do not meet the requirements for stating a claim for sex discrimination. *See, e.g.*, *Schoffstall*,

7

223 F.3d at 825 (listing factors).  Her assertions amount to disagreements with supervisors' evaluations of her performance and decisions regarding her workspace in the office.  She complains about her supervisor's "final warning," his view of her work performance, and the decision to have her team lead provide her with "new prospects."  But she does not explain how those allegations relate to her gender.  Her descriptions about pay discrepancies between herself and higher-made men do not appear to relate to the 300 days before she filed her complaint with the EEOC (nor does she explain why the higher-paid men were not otherwise entitled to more pay). A successful sex-based wage discrimination claim under Title VII requires the plaintiff to prove that her employer pays different wages to employees of opposite sexes "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." *Sowell v. Alumina Ceramics*, 251 F.3d 678, 683 (8th Cir. 2001). Nowhere in her complaint does plaintiff name any individual who is making more money than her, explain what his qualification/skill set is, or say what his responsibility and working conditions are.

As for plaintiff's retaliation claim, plaintiff must show that (1) she "engaged in protected conduct, (2) a reasonable employee would have found the challenged retaliatory action materially adverse, and (3) the materially adverse action was causally linked to the protected conduct." *Carpenter v. Con-Way Cent. Express, Inc.*, 481 F.3d 611, 618 (8th Cir. 2007) (citations omitted).  Again, even when viewed liberally, plaintiff's complaint fails to plead sufficient factual content to support a plausible claim.

8

She does not plead sufficient factual content that she made a complaint of sex discrimination (a protected activity) within a reasonable time frame of any alleged retaliatory action to infer a causal nexus between her protected activity and any alleged retaliation. Plaintiff asserts, for example, that on October 12, 2017, she complained to "Chris Miller, the new HR Director, about the discrimination and retaliation." But it is unclear what "discrimination and retaliation" she could be complaining of. Defendant argues that plaintiff had not complained about sex discrimination to anyone since 2014, so it's not clear what retaliation would have been for. This Court notes that plaintiff does allege that on September 14, 2017, she "attempted to tell my collogues [*sic*] about the discrimination and retaliation" she "had been facing from my manager and team lead, coerced by Bill." But she suggests that Bill told her not to complain because "it would be worse for me if I shared my experience with others." So it appears that she did not complain, but, in the next paragraph, she says that four days later, she "was reassigned to a cubical surrounded by people working on a new project." It is unclear whether plaintiff claims the cubical reassignment was retaliation for a complaint. Even assuming plaintiff has pleaded protected activity, there are no facts from which to draw a causal connection between the protected activity (complaining) and alleged adverse actions. Plaintiff cannot merely use the terms "discriminated" and "retaliation" to stand in for allegations of facts.

    Plaintiff will be ordered to file a more definite statement in the form of an amended complaint. Plaintiff should present her amended complaint in numbered

9

paragraphs and should remember that the complaint should contain "a short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). She may chronologically present her allegations, but she must address the above-listed elements of her claim by presenting facts and not legal conclusions.

### III. Motion for Extension of Time

Plaintiff moves for an extension of time to file an audio recording [#25]. Although plaintiff provides no further explanation, it appears that she wishes to file the audio recording in support of her response to the motion to dismiss. An audio recording is unlikely to affect the outcome of the motion to dismiss, as exhibits are largely inappropriate for such a motion. Moreover, because the Court is granting defendant's motion for a more definite statement and not the motion to dismiss with respect to defendant ACMO, plaintiff will be permitted to file an amended complaint as described above. The motion for an extension of time is denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss or for a more definite statement [#16] is DENIED in part and GRANTED in part.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss the claims against defendant William Wolff and to dismiss claims against defendant Automobile Club of Missouri, Inc., pre-dating September 7, 2017 is GRANTED.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss the remaining claims against defendant Automobile Club of Missouri, Inc., is DENIED.

**IT IS FURTHER ORDERED** that defendant's motion for a more definite statement is GRANTED with respect to plaintiff's claims after September 8, 2017 against defendant Automobile Club of Missouri, Inc..

**IT IS FURTHER ORDERED** that plaintiff shall, by March 1, 2021, file an amended complaint in accordance with this Memorandum and Order.

**IT IS FINALLY ORDERED** that plaintiff's motion for an extension of time in which to file audio recording [#25] is DENIED.

Dated this __5th__ day of February, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

**IT IS FURTHER ORDERED** that defendant's motion for a more definite statement is GRANTED with respect to plaintiff's claims after September 8, 2017 against defendant Automobile Club of Missouri, Inc..

**IT IS FURTHER ORDERED** that plaintiff shall, by March 1, 2021, file an amended complaint in accordance with this Memorandum and Order.

**IT IS FINALLY ORDERED** that plaintiff's motion for an extension of time in which to file audio recording [#25] is DENIED.

Dated this __5th__ day of February, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE