UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WEIMIN SHEN, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 4:20-CV-626-SNLJ |
| ) | |
| AUTOMOBILE CLUB OF MISSOURI, ) | |
| INC., and WILLIAM WOLFF, ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

Plaintiff Weimin Shen brought this *pro se* employment discrimination lawsuit against her former employer, defendant Automobile Club of Missouri, Inc. Plaintiff alleges gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e, et seq.

Defendant filed its motion to compel [Doc. 57] seeking an order compelling plaintiff to provide full answers and a response to certain of defendant's interrogatories and requests for production. Plaintiff has filed her own motion to compel [Doc. 62]. The motions are fully briefed, though plaintiff styled her response to the defendant's motion to compel as a "motion to dismiss defendant's motion to compel." [Doc. 61.] The Court will restyle that document on the docket sheet as a response memorandum.

The motions are somewhat complicated to parse out. Plaintiff has included her complaints about defendant's discovery responses in her response to defendant's motion to compel. Those complaints were more properly made in her own motion to compel.

However, having fully considered all of the argument by the parties, the Court will grant in part and deny in part defendant's motion and deny plaintiff's motion.

## I. Legal Standard

Under Federal Rule of Civil Procedure Rule 26(b)(1),

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Relevancy is broadly construed, and a request for discovery should be considered relevant if there is *any possibility* that the information sought may be relevant to the claim or defense of any party." *Trickey v. Kaman Indus. Technologies Corp.,* 1:09CV26 SNLJ, 2010 WL 3892228, *2 (E.D.Mo. Sept. 29, 2010) (quoting *Breon v. Coca–Cola Bottling Co. of New England,* 232 F.R.D. 49, 52 (D.Conn.2005)) (original emphasis) (internal quotation omitted). Even if relevant, however, "discovery is not permitted where there is no need shown or compliance would be unduly burdensome, or where harm to the person from whom the discovery is sought outweighs the need of the person seeking the information." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2,* 197 F.3d 922, 925 (8th Cir.1999) (quoting *Micro Motion, Inc. v. Kane Steel Co.,* 894 F.2d 1318, 1323 (Fed.Cir.1990)).

Objections to discovery requests must be stated with particularity. Fed. R. Civ. P. 33(b)(4); 34(b)(2)(B). Where a party resisting discovery objects to part of a request, the party must state which part it is to which they object. Fed. R. Civ. P. 34(b)(2)(C). "Upon the filing of a motion to compel, the Court may summarily overrule an objection to any discovery request if the object is not stated in detail." *Frey v. Fed. Reserve Bank of St. Louis*, No. 4:15-CV-737 CEJ, 2015 WL 8276932, at *2 (E.D. Mo. Dec. 8, 2015) (quoting E.D.Mo. L.R. 3.04).

**II.     Defendant's Motion to Compel**

Defendant seeks an order to compel a response to the following discovery requests:

- Interrogatory Nos. 1 and 17 seek information about plaintiff's electronic and social media presence, particularly to investigate statements Plaintiff may have made about her claims in the case and to identify any potential witnesses.

- Interrogatory Nos. 11 and 20 seek information regarding whom plaintiff spoke with and what was said about her allegations and the preparation of her discovery responses.

- Interrogatory Nos. 14-16 seek information regarding plaintiff's involvement in any criminal or other judicial and administrative proceedings.

3

- Interrogatory Nos. 3-4 and Request for Production No. 42 seek information and documents regarding plaintiff's other employment, in particular requesting that plaintiff execute Employer Records Release Authorization forms for each employer so that defendant can investigate plaintiff's mitigation efforts, damages claims, and performance at other employers.
- Interrogatory No. 5 and Request for Production Nos. 32, and 36-40 seek information and documents regarding plaintiff's attempts to seek employment, any documents related to her unemployment claims after she was terminated by defendant, and documents regarding all sources of income during the relevant time frame (including tax and other such government documents).
- Request for Production Nos. 1-7, 10-14, 17, 19, 20, and 22-27, seek documents and information that plaintiff may have taken from defendant in an attempt at self-help discovery; that plaintiff has that she contends support allegations in her case; and that plaintiff has regarding her termination, discipline, and salary at defendant.
- Interrogatory No. 8 seeks the identification of every person whom plaintiff believes possesses knowledge of the factual basis for the allegations in her Complaint and to describe the knowledge she believes each person possesses. Request Nos. 8-9, 16 and 21 likewise seek documents or other production memorializing conversations between plaintiff and other

4

>   individuals, including current and former ACMO employees, regarding plaintiff's claims.
>
> - Requests for Production 42 seeks documents relating to employment prior to plaintiffs employment with defendant, including what appears to be full personnel records.
>
> - Requests for Production Nos. 60 and 63 are for completion and execution of authorization forms.

Defendant contends that plaintiff's objections to responding to those requests are insufficient.  In particular, defendant notes that plaintiff obliquely states that she "objects to the rest" in answer to Interrogatories 1, 5, and 11, and in response to Requests 1-7, 10-14, 17, 19-20, 22-27, 32, 36-40, and 42.  She also states "objection, irrelevant" in response to Interrogatories 3-4, 14-17, and 20.  Plaintiff supplies no reason not to fully answer these discovery requests.  In her response memorandum, she only adds that the requests were generally not relevant or overly broad.

It is clear that plaintiff has produced a number of documents and interrogatory responses already.  However, her suggestion that the sheer number of documents already produced justifies her failure to fully respond [Doc. 61 at 8] is without merit.  As for the one matter to which plaintiff specifically responds, Request 63, plaintiff says she already "signed an unemployment records" Authorization covering February 8 to December 2018.  Plaintiff refuses to authorize access to records after December 2018 because she

says they do not exist. Defendant has no record of plaintiff signing this authorization. Furthermore, plaintiff's objection appears to be merely that the post-December 2018 records do not exist—not that they are irrelevant. Plaintiff should produce the requested authorization documents.

In plaintiff's surresponse[1], however, she adds that she believes it is overbroad and irrelevant to request "our family's tax filing, previous employment records, criminal records, all my phone records, all my email accounts, all my social media correspondences." [Doc. 69 at 5.][2] Although it is true plaintiff does not specifically state what information she did provide with response to those requests, in the interest of justice, this Court considers those specific requests and plaintiff's objections.

**Tax filings.** Defendant seeks plaintiff's tax return documents from 2016 to the present, but the requests notes that plaintiff can redact her spouse's social security number and any income solely attributable to her spouse. Plaintiff responded that she produced certain W-2 forms and unemployment compensation documents from 2018. However, defendant adequately explained its need for and the relevance of the requested documents, and providing the documents—particularly redacted as invited by defendants—is not overly burdensome.

---

[1] Defendant has moved to strike plaintiff's surresponse [Doc. 72] because plaintiff did not seek leave to file it. In the interests of justice, this Court has read and considered the surresponse so that it can best understand plaintiff's position. The motion to strike will thus be denied. However, plaintiff is cautioned not to file briefing unauthorized by this Court's Local Rules without seeking leave of court.

[2] Notably, defendant does not seek to compel production of any documents related to its Request 34, which pertains to criminal records, likely because plaintiff responded that she had "none."

**Previous employment records**.  Defendant seeks documents relating to employment prior to her employment with defendant, "including but not limited to documents relating to the quality of your job performance, including evaluations, disciplinary actions(s), interviews, performance appraisals, rating of any nature, or records of attendance."  It is unclear what if any documents plaintiff already produced.  Because it is likely plaintiff herself does not have custody or control over some or all of these records, defendants sought an employment records release authorization as part of Request 60.  Plaintiff's response to that request included that it was not relevant, seeks confidential information, was not proportional to the needs of the litigation, overbroad time period, and other objections.  It is not unusual for defendant employers to seek prior employment records in employment discrimination cases.  However, such a standard is not license for a fishing expedition, particularly in light of proportionality concerns, the lack of any time constraint on defendant's request seems untenable.  Plaintiff worked at ACMO for approximately eight years.  The Court will limit the requests related to prior employment to the 10 years before plaintiff's termination date.

**"All my phone records, all my email accounts, all my social media correspondences."** If defendant had requested all of plaintiff's phone records, emails, and social media correspondences, this Court agrees that such requests would likely be overly broad.  However, defendant's requests are limited to the issues and circumstances surrounding this case and plaintiff's employment with ACMO.  Plaintiff should respond as requested.

7

This Court will grant defendant's motion to compel in part, as indicated above. Defendant further requests an amendment to the Case Management Order. Plaintiff objects because she does not wish to delay the matter further, but it is clear that amendments are necessary at this point, and a few months' delay will not prejudice any party. Defendant has not been dilatory in meeting its obligations, and the parties' protracted discovery dispute appears largely at fault. The Case Management Order will be amended below.

### III. Plaintiff's Motion to Compel

Plaintiff's own motion to compel states that defendant responded to all but one of her discovery requests with objections. Plaintiff's statement suggests that defendant produced no responsive documents, but that is not the case. Defendant appears to have produced numerous documents and information subject to certain (relatively typical) objections. Many of defendant's responses were contingent upon the entry of a protective order, which has since been entered by this Court. It is unclear whether or what documents plaintiff still claims she is owed as a result.

Plaintiff's primary concern appears to be that she sought "doctor's notes" related to her deceased manager's employment and other documents related to alleged rumors or gossip around the office. Defendant responds that the deceased manager died in early 2017 and could not have been involved in disciplining plaintiff for her alleged performance problems during the relevant time period (after September 7, 2017). Moreover, the truth or falsity of any rumors has no bearing on the fact that it was the

rumor's disruption to workplace that was punishable. *See, e.g.*, *Scarborough v. Federated Mut. Ins. Co.*, 996 F.3d 499, 508 (8th Cir. 2021) (affirming summary judgment where one of the reasons for plaintiff's termination was for spreading a rumor, not its truth or falsehood); *Morris v. City of Chillicothe*, 512 F.3d 1013, 1020 (8th Cir. 2008) (same). Plaintiff herself admits to spreading the rumors, and a deceased supervisor's doctor's notes from 2013 and 2014 would not lead to admissible information pertaining to that fact.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to compel [Doc. 57] is GRANTED in part and DENIED in part, as set out in this memorandum.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel [Doc. 62] is DENIED.

**IT IS FURTHER ORDERED** that plaintiff's "motion to dismiss" [Doc. 61] shall be restyled on the docket sheet as a response in opposition to Document 57.

**IT IS FURTHER ORDERED** that defendant's motion to strike [Doc. 72] is DENIED.

**IT IS FINALLY ORDERED** that the Case Management Order is amended as follows: Discovery shall be complete by September 1, 2022; dispositive motions are due by October 1, 2022; a jury trial is set for February 13, 2023; pretrial compliance is due by January 24, 2023; and motions in limine are due by February 6, 2023.

Dated this <u>30th</u> day of June, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE