UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WEIMIN SHEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-CV-626-SNLJ |
| ) | |
| AUTOMOBILE CLUB OF MISSOURI, ) | |
| INC., and WILLIAM WOLFF, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff Weimin Shen brought this *pro se* employment discrimination lawsuit against her former employer, defendant Automobile Club of Missouri, Inc.  Plaintiff alleges gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964.  42 U.S.C. § 2000e, et seq.

This Court granted defendant's motion to compel [Doc. 57] in part on June 30, 2022. Currently pending is defendant's motion to modify the Case Management Order ("CMO") [Doc. 78].  Previously, defendant sought extensions applied to the CMO because of ongoing discovery disputes with plaintiff.  The Court granted that motion and also added time to the CMO in granting the last motion to compel.  Defendant's new motion to modify the CMO states that plaintiff has filed a motion for reconsideration [Doc. 74] regarding the June 30 order.  The document defendant identifies as a motion to reconsider was not marked as a motion for this Court's review but rather as a "Response to Court Order."  It appears that plaintiff continues to make arguments regarding why her

tax returns should not be discoverable. In particularly, her husband objects to production of tax returns with his information included. This Court already explained that "plaintiff can redact her spouse's social security number and any income solely attributable to her spouse." [Doc. 73 at 6.] To the extent plaintiff seeks reconsideration of the June 30 order, it is denied for the reasons explained in that order. Plaintiff also filed two additional "responses" to the June 30 order. Those documents appear to contain discovery materials that are not appropriately filed with the Court. Plaintiff is reminded that she should serve discovery responses on defendant and not file them with the Court.

Moving on to defendant's motion to modify the CMO [Doc. 78], defendant notes that plaintiff has refused to produce all of the material required of her. Plaintiff filed a response memorandum in which she largely argues the merits of her case. Plaintiff should comply with this Court's orders requiring production of documents within ten days. In light of defendant's other concerns regarding the discovery delay, this Court will modify the CMO as reflected below.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to modify the CMO [Doc. 78] is GRANTED;

**IT IS FURTHER ORDERED** that plaintiff shall serve on defendant complete responses to discovery requests no later than September 9, 2022;

**IT IS FURTHER ORDERED** that to the extent plaintiff intended her Response to the Court [Doc. 74] to be a motion for reconsideration, that motion is DENIED;

**IT IS FINALLY ORDERED** that the Case Management Order is amended as follows:  Discovery shall be complete by December 31, 2022; dispositive motions are due by January 29, 2023; a jury trial is set for June 26, 2023; pretrial compliance is due by June 6, 2023; and motions in limine are due by June 16, 2023.

Dated this 2nd day of September, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE