**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| WEIMIN SHEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-CV-626-SNLJ |
| | ) |
| AUTOMOBILE CLUB OF MISSOURI, | ) |
| INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on pro se plaintiff Weimin Shen's self-titled "motion to complain against defendant council [sic] and to seek MOED Court's intervention." [Doc. 85.] As defendant responded, plaintiff's motion is rambling and unclear. She asks the Court to intervene and to put a stop to defendant's antics, but she does not identify any misdoings by defendant, the specific relief she seeks, or why she is entitled to relief.

To the extent plaintiff is complaining about the length of time it took her to receive a partial video recording of her deposition, defendant responded that it misinterpreted her initial request and later provided the video. [Doc. 86 at 2.] To the extent plaintiff is complaining that she only received a partial video recording, defendant explains this is because the recording was shut off during a break in the deposition and then inadvertently left off once the deposition resumed. *Id.* Defendant says that it gave plaintiff all that it has, and plaintiff does not say so otherwise. Plaintiff does not claim that this impartial recording prejudices her, nor does she claim that the deposition transcript is an inaccurate

1

portrayal of her testimony that would require a video recording to correct.  Thus, plaintiff can make do with the deposition transcript.

To the extent that plaintiff is insinuating that defendant withheld discovery until after the discovery deadline passed, defendant explained that it supplemented its discovery to plaintiff with third party records it received past the deadline, as required by the Federal Rules.  Fed. R. Civ. P. 26(e)(1); [Doc. 86 at 2–3.]  Defendant's giving of third-party documents past the discovery deadline was not a misdeed, but rather a fulfillment of its continuing obligations.

In the absence of any reply from plaintiff, and finding defendant's response and explanations sufficient, plaintiff's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion [Doc. 85] is **DENIED**.

So ordered this 27th day of February, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE