**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WEIMIN SHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-CV-626-SNLJ |
| | ) | |
| AUTOMOBILE CLUB OF MISSOURI, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | | |

**MEMORANDUM AND ORDER**

On March 11, 2023, plaintiff filed a motion for summary judgment.  [Doc. 92.]  In support of that motion, plaintiff provided a 55-page memorandum.  [Doc. 93.]  That memorandum does not comply with Local Rule 4.01(D), which states that "[n]o party shall file any motion, memorandum, or brief which exceeds fifteen (15) numbered pages." E.D.Mo. L.R. 4.01(D).  Because plaintiff fails to comply with the page limits of the Local Rules, her memorandum will be rejected.  Plaintiff will be given leave to refile another memorandum.  Plaintiff may also file a separate, short motion seeking leave to file a memorandum in excess of the page limitation and explain why she needs to exceed the 15-page limit.  Any request for a page limit extension  beyond 30-pages will be looked on unfavorably.

Also, plaintiff's memorandum is filled with confusingly numbered paragraphs, images, and inconsistent formatting.  Plaintiff is advised to correct these issues on her next draft.  Plaintiff's memorandum should be Times New Roman Font, 12-point size, and

1

double-spaced.   As it stands, her memorandum looks more like a statement of uncontroverted material facts.  Her memorandum should be limited to her legal and factual arguments.  She should not include images or other record evidence in her memorandum but should only cite to such evidence as laid forth in her statement of uncontroverted material facts.

Additionally, plaintiff has failed to follow Local Rule 4.01(E), which requires a moving party to provide a Statement of Uncontroverted Material Facts that "must set forth each relevant fact in a *separately numbered paragraph* stating how each fact is *established by the record*, with appropriate supporting citation(s)."  (emphasis added).  In multiple paragraphs of plaintiff's statement of uncontroverted material facts ("SUMF"), plaintiff goes beyond merely stating facts with citations to her exhibits.  Instead, she makes arguments evaluating and weighing the evidence in support of her case, which should only appear in her memorandum.  *See, e.g.*, [Doc. 95 at ¶¶ 15, 17, 18, 25, 52.]  Plaintiff also includes entire email exchanges within her SUMF.  Record evidence should not be copy and pasted into the body of the SUMF, but should be included in the filings as an attachment of an exhibit.  Because plaintiff failed to comply with Local Rule 4.01(E), the Court will reject this filing and give plaintiff leave to file a new SUMF.  However, the Court will not reject the exhibits that plaintiff submitted.  Those will remain on the docket as originally numbered.  Plaintiff is only asked to fix the formatting of her SUMF.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Memorandum in support of her motion for summary judgment [Doc. 93] and her Statement of Uncontroverted Material Facts [Doc. 95] be REJECTED for failure to comply with the Local Rules.

**IT IS FURTHER ORDERED** that plaintiff be given twenty-one (21) days from the date of this order to refile those documents in accordance with the Local Rules and this Order.

**IT IS FINALLY ORDERED** that the Clerks retain plaintiff's exhibits already on file [Doc. 95-1 – 95-12; Doc. 96.]

Dated this 15th day of March, 2023

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE